IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEO GIBNEY : CIVIL ACTION
:
v. :
:
THOMAS FITZGIBBON, et al. : NO. 13-7

MEMORANDUM

Bartle, J.     March 22, 2013

    Plaintiff Leo Gibney, a former employee of Evolution, Inc. ("Evolution"), has filed a pro se complaint for defamation against defendants Merck & Co., Inc. ("Merck") and Thomas Fitzgibbon ("Fitzgibbon"), an in-house lawyer for Merck with the title "Legal Director." The action was removed from the Court of Common Pleas of Montgomery County on the basis of diversity of citizenship. Plaintiff is a citizen of Pennsylvania, defendants are citizens of New Jersey, and the requisite amount in controversy has been satisfied. See 28 U.S.C. § 1332(a).

    Defendants have now moved for dismissal on the ground that plaintiff has not stated a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Fitzgibbon also seeks dismissal under Rule 12(b)(2) for lack of personal jurisdiction.

    According to the complaint, Gibney was an employee of Evolution who worked on a research project pursuant to a contract between Evolution and Merck. Gibney alleges that Evolution fraudulently overbilled Merck. On November 7, 2011, Evolution

terminated Gibney purportedly because he objected to Evolution's fraudulent scheme. On April 26, 2012, Gibney wrote to Richard Bowles and Bruce Kuhlik, who were officers of Merck. The letter, sent to Merck's office in New Jersey, detailed Evolution's overbilling of Merck, complained that Evolution had unjustly fired him, and requested that Merck undertake an audit. Fitzgibbon wrote to Gibney on May 15, 2012 with a copy to the two Merck officers as well as to three other individuals including Gibney's former attorney Dolores M. Troiani, Esquire.[1] The letter stated in relevant part:

> While I note your "request" for an audit, we see no need for any such audit. As far as Merck is concerned, the alleged overbilling has been investigated, the allegations have been determined to be unfounded and the matter is now closed and warrants no further action by Merck.

Gibney claims that Fitzgibbon falsely stated that his allegations were "unfounded" and that he has suffered substantial and permanent harm to his reputation as a result.

I.

Fitzgibbon first contends under Rule 12(b)(2) that this court does not have personal jurisdiction over him. When a defendant moves to dismiss on this ground, the plaintiff bears

---

1. The other two recipients were Levi Barnes and Brian Cain. Barnes is not identified. Cain is apparently a Merck employee with whom Gibney had been in contact about the alleged overbilling. While the April 20, 2012 and May 15, 2012 letters are not attached to the complaint, they are not in dispute.

-2-

the burden of showing that personal jurisdiction exists. See Marten v. Godwin, 499 F.3d 290, 295-96 (3d Cir. 2007). At this stage the plaintiff must establish only "a prima facie case of personal jurisdiction" and is entitled to have his allegations taken as true and all factual disputes drawn in his favor. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004). Nonetheless, the plaintiff must allege "specific facts" rather than vague or conclusory assertions. Marten, 499 F.3d at 298.

A federal district court sitting in a diversity action may assert personal jurisdiction over a nonresident of the state in which the court sits only to the extent authorized by the law of that state. Fed. R. Civ. P. 4(k)(1)(A). Pennsylvania law provides for jurisdiction coextensive with that allowed by the Due Process Clause of the Constitution. 42 Pa. Cons. Stat. Ann. § 5322(b).

Under the Due Process Clause, we may exercise personal jurisdiction only over defendants who have "certain minimum contacts ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation omitted). A parallel inquiry is whether the defendant's contacts with the forum state are such that the defendant "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Two bases exist upon which a federal district court may exercise personal jurisdiction over a nonresident defendant. "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state." Marten, 499 F.3d at 296 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 nn.8-9 (1984)). There is specific jurisdiction when the claim arises from or relates to conduct purposely directed at the forum state. Id. (citing Hall, 466 U.S. at 414-15 nn.8-9). Plaintiff argues only specific jurisdiction.

The allegedly libelous letter which Fitzgibbon sent to Gibney and to Troiani,[2] among others, was mailed from Merck's office in New Jersey into Pennsylvania. The complaint also states that Fitzgibbon forwarded the letter to Evolution which is located in the Commonwealth. None of these assertions is disputed by defendants. Consequently, the damage, if any, to Gibney's reputation would have occurred in Pennsylvania where he lives.

We are concerned here with an allegation of an intentional tort, defamation, committed outside the forum. Under the circumstances we apply the "effects test" under Calder v. Jones, 465 U.S. 783 (1984) to determine if specific personal jurisdiction exists over Fitzgibbon, a non-resident defendant. Since it is undisputed that plaintiff felt the brunt of any harm

---

2. Ms. Troiani has her law office in Devon, Pennsylvania.

-4-

in this forum and that the non-resident defendant expressly aimed any tortious conduct at the forum so as to make the forum the focal point of any wrong, the "effects test" has clearly been satisfied. See Remick v. Manfredy, 238 F.3d 248, 258-59 (3d Cir. 2001). There is no violation of due process, and defendant should reasonably anticipate being haled into court in this District.

The motion of defendant Thomas Fitzgibbon to dismiss the complaint for lack of personal jurisdiction will be denied.

II.

We now address defendants' motion to dismiss under Rule 12(b)(6) for failure to state a claim for defamation. For present purposes, the court must accept as true all factual allegations in the complaint and draw all inferences in the light most favorable to the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. Planco Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008). We must then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim must do more than raise a "'mere possibility of misconduct.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 556 U.S. at 679). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

-5-

Iqbal, 556 U.S. at 678. On a motion to dismiss, a court may consider "allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed. 1990)).

Under 42 Pa. Cons. Stat. Ann § 8343, the plaintiff must prove "the defamatory character of the communication." As an initial matter, however, the court must determine as a matter of law if the statement is capable of having a defamatory meaning. If not, the claim must be dismissed. Thomas Merton Ctr. v. Rockwell Int'l Corp., 442 A.2d 213, 215-16 (Pa. 1982).

A defamatory statement under Pennsylvania law is one which "tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Tucker v. Fischbein, 237 F.3d 275, 281 (3d Cir. 2001) (citations omitted). As the Supreme Court of Pennsylvania stated in Corabi v. Curtis Publishing Co., 273 A.2d 899, 906 (Pa. 1971), the statement must always be viewed in context. The court must consider "the effect the [statement] is fairly calculated to produce, the impression it would naturally engender, in the minds of the average persons among whom it is intended to circulate." Id. at 907. The court must take into account whether the statement "tends to blacken a person's reputation or to expose him to public hatred, contempt,

-6-

or ridicule, or to injure him in his business profession." Id. at 904. See Remick, 238 F.3d at 261.

Gibney, as noted above, was an Evolution employee who thought it was cheating Merck by engaging in overbilling under a contract between the two parties. Gibney alleges he was fired in November 2011 because of his allegations. On April 26, 2012, after he had been terminated, he authored a long letter addressed to two Merck officers outlining the specifics of Evolution's allegedly wrongful conduct. On May 15, 2012, Fitzgibbon, a Merck in-house attorney, sent Gibney a written response with copies to Bowles, Kuhlik, Troiani, and two others. Fitzgibbon stated that while the audit Gibney requested was not necessary, Merck had conducted an investigation into the alleged overbilling and found Gibney's allegations to be "unfounded."

Fitzgibbon was simply answering Gibney's letter. He did so in a thoughtful and temperate manner. He was providing Gibney with the result of the investigation that Gibney's letter had initiated. The response of Fitzgibbon was in essence his opinion. Such an opinion cannot be actionable unless "it implies the allegation of undisclosed defamatory facts as the basis for the opinion." Restatement (Second) of Torts § 566. See Beckman v. Dunn, 419 A.2d 583, 587 (Pa. Super. Ct. 1980). No such implication exists here.

In any event, even if Fitzgibbon's statement that the allegations of Gibney were unfounded is a statement of fact, it is not defamatory. We conclude that taking it in context it does

-7-

not lower Gibney in the estimation of the community or deter persons from dealing with him and certainly does not tend to blacken his reputation or to injure him in his business or profession. Fitzgibbon acted professionally. Gibney's dislike of the result of the investigation he caused to take place does not make libelous the communication of the result.

In <u>Remick</u>, the defendant had accused a lawyer in a letter of continuing to "extort" money. The court in the context of that action found the phrase to be "rhetorical hyperbole" and not defamatory. 238 F.3d at 262-63 (citation omitted). What was said to Gibney in this case was mild by any comparison. The case before us is similar to the circumstances in <u>Beckman</u>, 419 A.2d at 585. That lawsuit involved a communication reporting on the decision of a University History Department committee finding a graduate student's performance on an oral examination to be "inadequate." The Superior Court concluded that the communication was not capable of being defamatory. <u>Id.</u> at 587.

In sum, the statement in issue here that Gibney's allegations of overbilling were unfounded was not capable of a defamatory meaning as a matter of law. Accordingly, the motion of defendants to dismiss this action for failure to state a claim will be granted.

3/25/13 mail.
Gibney

-8-